UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL RAMEILE PATTERSON,
    Petitioner,

v.                                Case No. 8:19-cv-3134-VMC-LSG

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## ORDER

Michael Rameile Patterson, a Florida prisoner, filed a *pro se* Second Amended Petition for Writ of Habeas Corpus under 28 U.S. § 2254. (Doc. 38.) Having considered the second amended petition, (*id.*), the response in opposition, (Doc. 43), and Patterson's reply, (Doc. 48), the second amended petition is denied.

## Background

A state court jury convicted Patterson of burglary of a dwelling and possession of burglary tools. (Doc. 43-2, Ex. 17.) The state trial court sentenced him to concurrent prison terms of 15 years for burglary and five years for possession of burglary tools. (Doc. 43-2, Ex. 18.) The state appellate court *per curiam* affirmed Patterson's judgment and sentence. (Doc. 43-2, Ex. 25.) Patterson sought postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 43-2, Ex. 43.) The state postconviction denied

1

Patterson's motion. (Doc. 43-2, Ex. 44.) The state appellate court per curiam affirmed the denial. (Doc. 43-2, Ex. 48.)

## Standards Under Section 2254

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the

2

correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the judgment and the denial of postconviction relief without discussion. These decisions warrant deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and

"presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

In addition to meeting the stringent AEDPA standard, a petitioner must exhaust his federal claims by raising them in state court as a prerequisite to obtaining federal habeas relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The exhaustion requirement is satisfied if the petitioner fairly presents his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A fundamental miscarriage of justice occurs in an extraordinary case in which a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor

4

external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson*, 353 F.3d at 892.

## Standard for Ineffective Assistance of Counsel

Patterson asserts that his trial counsel was ineffective. Claims alleging ineffective assistance of counsel are analyzed under the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id.* at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. But "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Patterson must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, Patterson must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation marks and citations omitted). "The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

## Discussion

### A. Ground One

Patterson argues that trial counsel was ineffective for allowing him to be convicted of an uncharged crime. Patterson contends that the State originally charged him with attempted burglary but later amended the information to charge a completed burglary. Patterson alleges that on the day of trial, the State filed a second amended information that reduced the charge to attempted burglary. Patterson was convicted of having committed a completed burglary.

The state court denied Patterson's claim. The state court found that even though the second amended information contained a reference to the attempt statute, § 777.04(1), Fla. Stat., it charged a completed burglary. (Doc. 42-3, Ex. 44, p. 13.) Therefore, the state court concluded, Patterson was not convicted of an uncharged crime:

> [T]he charge described in the body of the second amended felony information is for burglary, not attempted burglary, and tracks the language of the burglary statute. *See* § 810.02(3), Fla. Stat. Furthermore, the charge listed in the heading is for burglary, not attempted burglary. The filing of an amended information supersedes and vitiates an earlier information. *State v. Anderson*, 537 So.2d 1373, 1374 (Fla. 1989). . . . [Patterson] was tried and convicted on the second amended information. . . . In light of the foregoing, the Court finds that counsel did not allow the Defendant to be tried for an offense for which he was not charged.

(*Id.*, pp. 13-14) (state court's record citations omitted).

Patterson has not shown that the state court unreasonably denied his allegation of ineffective assistance of trial counsel. A charging document's purpose "is to provide the accused with sufficient notice of the nature and cause of the offense charged" as required by due process. *Miller v. State*, 42 So.3d 204, 215 (Fla. 2010). Thus, a charging document must "follow the statute, clearly charge each of the essential elements, and sufficiently advise the accused of the specific crime with which he is charged." *Price v. State*, 995 So.2d 401, 404 (Fla. 2008).

To the extent that the state court's decision rests on an application of Florida law governing the sufficiency of a charging document, this Court must defer to the state court's decision. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (stating that while ineffective assistance is a federal constitutional claim, when counsel's alleged error is a matter of state law, a federal court must defer to the state court's ruling on the underlying state law issue).

As the state court noted, the body of the second amended information tracked the language of the burglary statute. It alleged that Patterson "unlawfully and without invitation or license did enter the dwelling of" the victim in Clearwater, Florida, "with the intent to commit an offense therein" when the dwelling was not open to the public. (Doc. 43-2, Ex. 14.) This allegation is consistent with the language of § 810.02(1)(b)(1), Fla. Stat., which defines burglary in relevant part as entering a dwelling "with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter."

Furthermore, as Patterson acknowledged on direct appeal, even though the second amended information contained a reference to the attempt statute, "neither the text of [the burglary] count nor the heading" of the second amended information alleged that the crime was an attempt. (Doc. 43-2, Ex. 22, pp. 1-2.) Patterson has not shown that the charging document failed to

8

charge him with the offense of which he was convicted or failed to give him sufficient notice of the charge against him.

Indeed, it appears that the State added a reference to the attempt statute because the prosecutor anticipated requesting a jury instruction on the lesser included offense of attempted burglary. The second amended information was addressed shortly before the start of the trial. When the state trial court asked counsel if she would waive a formal arraignment on the second amended information, counsel agreed. (Doc. 43-2, Ex. 15, p. 49.) The state court noted, "And all it did was add attempt, *which I would have let them ask for anyway*, so." (*Id.*) (emphasis added). The state trial court also addressed Patterson and, shortly after mentioning the amended information filed that day, informed him that he was charged with burglary. (*Id.*, pp. 7-8.) Patterson did not express any confusion about the charge against him. (*Id.*)

Patterson has not shown any basis upon which counsel could have argued that he was convicted of an uncharged crime. Counsel is not ineffective for declining to make a meritless argument. *See Carruth v. Comm'r, Ala. Dep't of Corr.*, 93 F.4th 1338, 1359 (11th Cir. 2024) (stating that counsel "could not have been ineffective for omitting a nonmeritorious point from their argument"). Patterson has not shown that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim. Accordingly, he is not entitled to relief on Ground One.

**B. Ground Two**

Patterson argues that counsel was ineffective for failing to challenge the second amended felony information. The Court construes Patterson's claim to allege, as he did in his state postconviction motion, that counsel should have challenged the second amended information as misleading because it did not track the language of the burglary statute.

The state court found the record refuted Patterson's claim. It compared the second amended information to the burglary statute and found that "[t]he charging document does indeed track the language of the statute. Thus, this would not have provided counsel a ground for moving to dismiss the charging document." (Doc. 43-2, Ex. 44, p. 6.) The state court concluded that Patterson had not shown either deficient performance by counsel or prejudice. (*Id.*)

This decision was reasonable. As the state court found, and as addressed in Ground One, the charging document tracked the language of the burglary statute. In alleging that Patterson entered a dwelling without license or invitation when the dwelling was not open to the public and with the intent to commit an offense therein, the second amended information charged the elements of the completed offense of burglary. Thus, Patterson was on notice of the charge against him.

To the extent Patterson intends to argue that the second amended information charged him with attempted burglary but did not track the

10

language of the attempt statute, he has failed to show entitlement to relief. As discussed above, the state court reasonably concluded that the second amended information charged him with completed burglary. Because Patterson has not shown that the state court's decision involved an unreasonable application of *Strickland* or was based on an unreasonable factual determination, he is not entitled to relief on Ground Two.

**C. Ground Three**

Patterson argues that counsel was ineffective for failing to call forensic officer Craig Giovo as a witness. At trial, the State alleged that Patterson tried to pry open the rear door of the victim's home with a screwdriver. The State presented evidence that Patterson was observed at the scene holding a screwdriver, and that the victim found fresh damage on the back door. (Doc. 42-3, Ex. 16, pp. 177-78, 186-87, 194-95.)

Patterson asserts that Giovo would have testified that Patterson's DNA and fingerprints were not on the screwdriver that the State alleged was in his possession. Patterson also contends that Giovo would have testified that he could not determine whether the screwdriver recovered by police could have caused the damage to the back door.

Respondent asserts that this claim is procedurally defaulted because Patterson did not satisfy the exhaustion requirement. Patterson raised this claim in his postconviction motion, but he did not raise it on appeal from the

11

denial of postconviction relief. (Doc. 43-2, Ex. 47.) Accordingly, Patterson did not exhaust this claim in state court, as required before proceeding under § 2254. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (stating that in Florida, "exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial"); *see also Boerckel*, 526 U.S. at 845 (stating that the exhaustion doctrine requires a petitioner to give the state courts a full opportunity to resolve a federal constitutional claim "by invoking one complete round of the State's established appellate review process").

Patterson cannot return to state court to appeal the denial of this claim in an untimely and successive postconviction appeal. *See* Fla. R. Crim. P. 3.850(m) (providing 30 days for a prisoner to appeal the final order denying his postconviction motion). Accordingly, Patterson's claim of ineffective assistance of trial counsel for failing to call Giovo is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Patterson has not shown that either the cause and prejudice or the fundamental miscarriage of justice exception applies to excuse the default. *See id*. He is not entitled to relief on Ground Three.

### D. Ground Four

Patterson contends that the state trial court erred in denying his motion for a judgment of acquittal. Respondent contends that this claim is procedurally defaulted because Patterson did not present its federal nature to the state appellate court.

12

The Court agrees with Respondent's argument. When Patterson appealed the state trial court's denial of his motion for judgment of acquittal, he relied entirely on state law. (Doc. 43-2, Ex. 22, pp. 516-520.) Patterson did not cite any federal constitutional provision or federal caselaw, and did not allege a violation of his federal rights. (*Id.*) Therefore, he did not put the state appellate court on notice of any federal claim. *See Preston v. Sec'y, Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) ("The crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim.").

Patterson cannot return to state court to raise a federal sufficiency of the evidence claim in a successive direct appeal. *See* Fla. R. App. P. 9.140(b)(3) (stating that a direct appeal of a criminal judgment must be commenced within 30 days of the rendition of a sentencing order). Accordingly, this claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Patterson has not shown that the cause and prejudice or the fundamental miscarriage of justice exception applies to excuse the procedural default of his federal claim. *Id.* Therefore, his sufficiency of the evidence claim is barred from federal habeas review.

## **Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead,

13

a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Patterson has not made the requisite showing. Because Patterson is not entitled to a COA, he is not entitled to appeal *in forma pauperis.*

It is therefore **ORDERED** that Patterson's Second Amended Petition for Writ of Habeas Corpus, (Doc. 38), is **DENIED**. The **CLERK** is directed to enter judgment against Patterson and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 10, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

14